UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

J.G.,

                Petitioner,

            - against -

THOMAS DECKER, New York Field Office Director for U.S. Immigration and Customs Enforcement, CARL DUBOIS, Director of the Orange County Correctional Facility, UBAID UL-HAQ, Assistant Chief Judge, Executive Office of Immigration Review, DAVID NEAL, Director, Executive Office of Immigration Review, ALEJANDRO MAYORKAS, Secretary of Homeland Security, MERRICK GARLAND, Attorney General of the United States,

                Respondents.

**ORDER**

22 Civ. 6273 (PGG)

---------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        In this habeas corpus action, Petitioner J.G. seeks an order compelling his release from custody, and, in the alternative, a bond hearing. (Second Am. Pet. (Dkt. No. 14) at 16; see also Ptr. Br. (Dkt. No. 16) at 9, 32) On December 20, 2022, this Court sua sponte directed the Clerk of Court to transfer this action to the United States District Court for the Southern District of Mississippi. (Dec. 20, 2022 Order (Dkt. No. 26) at 8) This Court concluded that it did not have jurisdiction over J.G.'s petition because he was in the custody of the Southern District of Mississippi at the time he filed his petition. (Id. at 6-8) On December 21, 2022, this case was electronically transferred to the Southern District of Mississippi.

        On December 23, 2022, Petitioner moved for reconsideration. (Ptr. Mot. (Dkt. No. 27)) In his motion, Petitioner – for the first time – discloses the sequence of events leading

up to his transfer to the Southern District of Mississippi. According to Petitioner, he filed his original habeas petition at 12:21 a.m. on July 25, 2022. (Id. at 2; Ptr. Mot., Ex. 1 (Dkt. No. 27-1) at 1) At approximately 3:00 a.m. on July 25, 2022, Petitioner was shackled and put into a van for purposes of transporting him from this District to the Southern District of Mississippi. (Ptr. Mot. (Dkt. No. 27) at 2; Second Am. Pet. (Dkt. No. 14) ¶ 44) Accordingly, when the original petition was filed, Petitioner was in custody in this District.

In a December 23, 2022 submission, the Government agrees with Petitioner's factual account, agrees that Petitioner was in custody in this District at the time he filed his petition, and further agrees that this Court has jurisdiction over the petition. (Gov. Resp. (Dkt. No. 28))

This Court has jurisdiction to decide Petitioner's motion for reconsideration, because the Clerk of Court electronically transferred this action one day after the transfer order was entered, and Petitioner "had no opportunity to seek relief from the [t]ransfer [o]rder." Chartwell Pharms. LLC v. Woodfield Pharm., LLC, No. 20 Civ. 00099 (PMH), 2020 WL 9815514, at *1 (S.D.N.Y. Oct. 28, 2020) (citing Mohsen v. Morgan Stanley & Co. Inc., No. 11 Civ. 6751 (PGG), 2014 WL 4593919, at *3 (S.D.N.Y. Sept. 15, 2014)); see also In re Warrick, 70 F.3d 736, 739-40 (2d Cir. 1995).

"[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004). Accordingly, this Court has jurisdiction over the petition, and Petitioner's motion for reconsideration is granted.

   The parties are directed to bring this Order to the attention of the appropriate authorities in the Southern District of Mississippi forthwith.

Dated: New York, New York
    December 29, 2022

               SO ORDERED.

               *Paul Gardephe*
               Paul G. Gardephe
               United States District Judge